IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JAN CLAYTON,<br><br>     Plaintiff,<br><br> v.<br><br>FRANK BISIGNANO,[1]<br><br>     Defendant. | CIVIL ACTION<br>NO. 24-3622 |

## OPINION

**Slomsky, J.**                                   **July 31, 2025**

### I.  INTRODUCTION

  Before the Court are the Objections of Plaintiff Jan R. Clayton ("Plaintiff") to the Report and Recommendation ("R&R") of United States Magistrate Judge Lynne A. Sitarski. (Doc. No. 15.) Plaintiff brought this action on August 1, 2024 against Defendant Frank Bisignano ("Defendant"), Commissioner of the Social Security Administration ("SSA"), seeking review of the decision by an Administrative Law Judge ("ALJ") denying her claim for Social Security disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433 (the "Act"). Plaintiff alleges that the ALJ wrongfully denied her application for disability benefits.

---

[1]  In accordance with Federal Rule of Civil Procedure 25(d), Frank Bisignano, Commissioner of the Social Security Administration, is substituted as Defendant for Leland Dudek, the former Acting Commissioner.

On December 5, 2025, Plaintiff filed a Motion for Summary Judgment, requesting that the Court reverse the ALJ's decision and award her payment of Social Security disability benefits.[2] (Doc. No. 9.)  On January 2, 2025, the Court entered an Order referring Plaintiff's request for review to Magistrate Judge Sitarski for a R&R.  (Doc. No. 10.)  On April 22, 2025, Magistrate Judge Sitarski issued the R&R, finding that the decision of the ALJ denying Plaintiff disability benefits was supported by substantial evidence and should be affirmed.  (Doc. No. 14.)  On May 6, 2025, Plaintiff filed an Objection to the R&R.  (Doc. No. 15.)  On May 20, 2025, Defendant filed a Response to Plaintiff's Objection.  (Doc. No. 16.)

Pursuant to 28 U.S.C § 636(b)(1), this Court has conducted a <u>de novo</u> review of the portions of the R&R to which an objection has been made.[3]  After an independent review of the record and for the reasons that follow, the Court will overrule Plaintiff's Objection (Doc. No. 15), approve

---

[2] While titled a "Motion for Summary Judgment," Plaintiff's motion is in essence a brief in support of her request for review of the ALJ's decision denying her Social Security disability benefits.  (See Doc. No. 9.)

[3] 28 U.S.C § 636(b)(1) states in pertinent part:

> (b)
>   (1) Notwithstanding any provision of law to the contrary—
> ***
>   (C) the magistrate judge shall file his proposed findings and recommendations . . . with the court and a copy shall forthwith be mailed to all parties.
>
>   Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

2

and adopt the R&R (Doc. No. 14), and deny Plaintiff's Motion for Summary Judgment (Doc. No. 9).

## II.  BACKGROUND

On January 19, 2021, Plaintiff, a 49-year-old who had been working as a correctional officer for 24 years, tested positive for COVID-19. (Doc. No. 14 at 2.) On January 21, 2021, Plaintiff suffered a heart attack. (Id. at 1.) Thereafter, as summarized by Magistrate Judge Sitarski:

> Plaintiff protectively filed an application for disability benefits on December 27, 2021, alleging disability beginning January 19, 2021, due to posttraumatic stress disorder ("PTSD"), anxiety, cardiac aneurysm, myocardial infarction ("MI"), long-term Covid 19 symptoms ("long Covid"), respiratory issues, high blood pressure, severe anemia, and issues relating to a heart attack she suffered on January 21, 2021. (R. 174-75, 194). Plaintiff's application was initially denied on July 22, 2022, and upon reconsideration on January 31, 2023. (R. 68-77, 79-90). Plaintiff thereafter requested a hearing from an Administrative Law Judge ("ALJ"). (R. 106-07). A hearing was held on July 11, 2023, at which Plaintiff, represented by counsel, and a vocational expert ("VE") testified. (R. 48-66). On September 27, 2023, the ALJ issued a decision denying benefits under the Act. (R. 24-43). Plaintiff requested review of the ALJ's decision, and the Appeals Council denied her request on February 22, 2024. (R. 1-6).

(Id. at 1-2.)

In denying Plaintiff's request for Social Security benefits, the ALJ considered extensive medical evidence, including the opinions of numerous doctors. (See Doc. No. 8-2 at 34.) As relevant here, one of doctors was Dr. Arlene I. Rattan, who offered an opinion on Plaintiff's residual functional capacity ("RFC").[4] (Id. at 41.) The ALJ summarized Dr. Rattan's findings as follows:

> State agency psychological consultant Arlene I. Rattan, Ph.D., found on July 21, 2022, that the claimant had moderate limitation in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself (Exhibit 2A, at 4). <u>Dr. Rattan opined that the claimant was able to meet the basic mental demands to complete</u>

---

[4]  Residual functional capacity ("RFC") is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s). Hartranft v. Apfel, 181 F.3d 358, 359 n.1 (3d Cir. 1999) (citing C.F.R. § 404.1545(a)).

<u>one- to two-step tasks on a sustained basis despite the limitations resulting from her mental health impairment</u> (Exhibit 2A, at 9). This opinion is generally well supported by Dr. Rattan's explanation for her opinion. She stated that the claimant completed 12th grade and had no history of special education (Exhibit 2A, at 4). She had a history of employment as a correctional officer (November 1997 to January 2021). Dr. Rattan cited to the claimant's 3373 form activities of daily living. She cited to the July 15, 2022, mental status consultative examination.

</blockquote>

(<u>Id.</u> (emphasis added).) Critically, the ALJ concluded that "Dr. Rattan's opinion is . . . generally persuasive." (<u>Id.</u>)

Despite Dr. Rattan's recommendation that Plaintiff's RFC was limited to only those "basic mental demands to complete one- to two-step tasks," the ALJ ultimately concluded that Plaintiff's RFC was only moderately limited as follows:

<blockquote>

After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) which involves occasional postural maneuvers except no climbing of ladders, ropes, or scaffolds; occasional exposure to temperature extremes, humidity, wetness, and respiratory irritants; no work around heights or hazardous machinery; routine tasks with detailed but uninvolved instructions; occasional interactions with the public and coworkers; frequent interactions with supervisors; occasional changes in work processes or tasks; and simple work-related decisions.

</blockquote>

(<u>Id.</u> at 34.) Thus, her request for disability benefits was denied.

On August 1, 2024, after the ALJ denied her request for benefits, Plaintiff filed a Complaint in this Court, seeking review of the ALJ's decision. (Doc. No. 1.) As noted, on December 5, 2024, Plaintiff filed a Motion for Summary Judgment. (Doc. No. 9.) On January 2, 2025, the Court entered an Order referring Plaintiff's Motion to Magistrate Judge Sitarski for an R&R. (Doc. No. 10.) On April 22, 2025, Magistrate Judge Sitarski issued the R&R, recommending that the Court deny Plaintiff's Motion for Summary Judgment. (<u>Id.</u>)

Specifically, Magistrate Judge Sitarski found that the decision of the ALJ to deny Plaintiff benefits was supported by substantial evidence and should be affirmed. (Doc. No. 14.) In the

4

R&R, Magistrate Judge Sitarski addressed two issues, including whether the ALJ's decision erroneously omitted portions of Dr. Rattan's opinion from the RFC.[5] (Id. at 13.) On this issue, Magistrate Judge Sitarski found that the ALJ adequately assessed Dr. Rattan's opinion and was not required to include Dr. Rattan's one-to two-step tasks limitation in the RFC. (Id. at 25.)

On May 6, 2025, Plaintiff filed an Objection to the R&R. (Doc. No. 15.) In her Objection, Plaintiff takes issue with Magistrate Judge Sitarski's conclusion that substantial evidence supported the ALJ's RFC finding despite how the ALJ improperly dismissed portions of Dr. Rattan's opinion. (Doc. No. 15 at 2-3.) Because the ALJ found Dr. Rattan's opinion to be "generally persuasive," despite omitting from the RFC finding the suggestion that Plaintiff be limited to one-to two-step tasks, Plaintiff asserts that the ALJ did not have substantial evidence for the decision on the RFC because it is impossible to discern whether it was an accurate representation of Plaintiff's maximum functional capacity. (Id.)

### III. STANDARD OF REVIEW

Judicial review of a final decision of the Commissioner is limited. A district court is bound by the factual findings of the Commissioner if they are supported by substantial evidence and decided according to correct legal standards. Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) (citing Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000)); Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence is "more than a mere scintilla," and consists of "such relevant evidence as a reasonable mind might accept as adequate." Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 118 (3d Cir. 2000) (citing Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999)). The Court also must determine whether the ALJ applied the proper legal standards in evaluating a claim

---

[5] Because Plaintiff only objected to one of the two conclusions in the R&R, the Court need only address the issue to which Plaintiff objected. (See Doc. No. 15.)

of disability. McHerrin v. Astrue, No. CIV. A. 09-2035, 2010 WL 3516433, at *2 (E.D. Pa. Aug. 31, 2010) (citing Coria v. Heckler, 750 F.2d 245, 247 (3d Cir. 1984)). The Commissioner's findings of fact, as long as they are supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g).

## IV.   ANALYSIS

The ALJ did not err in her assessment of Plaintiff's residual functional capacity ("RFC") and was not required to adopt Dr. Rattan's "one-to two-step" medical opinion. An ALJ considers medical opinions when assessing the RFC but need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." 20 C.F.R. § 404.1520c(a). Rather, the ALJ assesses the persuasiveness of medical opinions, and in doing so, need only explain how she considered the "most important" factors of consistency and supportability. 20 C.F.R. §§ 404.1520c(b)(2)-(3).

The Court reviews the ALJ's findings to determine whether they were supported by substantial evidence. See 42 U.S.C. § 405(g); Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005). Substantial evidence is evidence that a "reasonable mind might accept as adequate to support a conclusion." Rutherford, 399 F.3d at 552. Even if the record could support a contrary conclusion, the decision of the ALJ will not be overruled so long as there is substantial evidence to support it. Simmonds v. Heckler, 807 F.2d 54, 58 (3d Cir. 1986). The Court reads the ALJ's decision "as a whole" to determine whether the record was sufficiently developed. Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004) (citation omitted).

Here, viewing the record as a whole, substantial evidence supports the ALJ's conclusion regarding Plaintiff's RFC. The ALJ thoroughly reviewed the record and explained that while Plaintiff may have had some mental health issues, the evidence showed she engaged in a broad range of daily and social activities. As noted by Magistrate Judge Sitarski:

>   In making th[e] RFC determination, the ALJ observed that: (1) Plaintiff frequently reported to Dr. Gruzin that she had no anxiety, depression, insomnia, or memory loss, (R. 31, 36 (citing R. 486-705, 766-876)); (2) though [Dr.] Brendley and [Dr.] Gibbings noted that Plaintiff's recent and remote memory skills were impaired, they also observed that her sensorium was clear, her cognitive functioning was average, and her general fund of information was appropriate to experience, (R. 31 (citing R. 727-28, 741-42)); (3) Plaintiff reported in her February 2022 adult function report that although it was difficult for her to concentrate on things, her medical conditions did not affect her ability to follow instructions and complete tasks, (R. 32 (citing R. 212)); (4) Plaintiff reported in her October 2022 adult function report that she usually finished tasks that she started because she would "come back to" them, (Id. (citing R. 236)); (5) Gibbings noted that Plaintiff was responsive to all questions posed to her, her social skills were adequate, her posture and motor behavior were normal, she was able to make and maintain appropriate eye contact, her speech was intelligible and fluent, her voice quality was clear, her expressive and receptive language skills appeared adequately developed, and she presented with a full range of affect that was appropriate to speech and thought content, (R. 32 (citing R. 741-43)); and (6) Plaintiff reported being able to do her own laundry, clean her home, shop in stores, drive herself to her appointments, cook, and manage her own money. (R. 33, 36-37 (citing R. 742)).

(Doc. No. 14 at 24.) Thus, the record clearly shows the ALJ engaged in reasonable fact-finding throughout her opinion, relying on substantial evidence that a reasonable mind might accept as adequate when making her determination.

The fact that the ALJ found Dr. Rattan's opinion "generally persuasive," yet chose not to adopt Dr. Rattan's one-to two-step limitation in the RFC finding does not change this conclusion. See 20 C.F.R. § 404.1520c(a) (providing that ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)"). In addition to Dr. Rattan, the ALJ considered the opinions of seven (7) other medical professionals that she also found to be either partially or generally persuasive. (See Doc. No. 14 at 2-9.) For example, while Dr. Rattan opined that Plaintiff could only "meet the basic mental demands to complete one-to two-step tasks on a sustained basis," Dr. Brendley, another medical professional whose opinion the ALJ also found to be generally persuasive, concluded Plaintiff had "the ability to make judgments on simple or complex work-related decisions." (Doc. No. 8-2 at 41.) Therefore, because the ALJ found

conflicting RFC opinions to be generally persuasive and because she was not required to defer to or give any specific evidentiary weight to any one medical opinion, the ALJ did not err in finding Dr. Rattan's opinion to be generally persuasive, even though she chose not to adopt the RFC finding suggested by Dr. Rattan.

**V.    CONCLUSION**

For the foregoing reasons, Plaintiff's Objection (Doc. No. 15) will be overruled, Magistrate Judge Sitarski's Report and Recommendation (Doc. No. 14) will be approved and adopted, and Plaintiff's Motion for Summary Judgment (Doc. No. 9) will be denied. An appropriate Order follows.